ORDER DISMISSING APPEAL
JOHN C. PORFILIO, Circuit Judge.
Defendant-Appellant Christopher Ysais brought this case in the District of New Mexico, attempting to remove his New Mexico state court divorce proceeding to federal court. The district court, concluding that there was no basis for federal jurisdiction, remanded the divorce case to state court. Mr. Ysais appealed, and we dismissed his appeal for lack of jurisdiction. See Ysais v. Ysais, Case No. 08-2219 (10th Cir. Sept. 23, 2008) (order) (citing 28 U.S.C. § 1447(d)).
Undeterred, Mr. Ysais later filed a seventy-four-page motion under Fed.R.Civ.P. 60(b), again requesting that the district *844 court take jurisdiction over the case. Before the district court could rule on his motion, he filed the notice of appeal currently before us.
We lack jurisdiction over this appeal for two reasons. First, since the district court has not ruled on the 60(b) motion, there is no final order of the district court that could supply us with jurisdiction. See 28 U.S.C. § 1291 (granting courts of appeals “jurisdiction of appeals from all final decisions of the district courts of the United States.”).[1] Second, “[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise.” 28 U.S.C. § 1447(d). We therefore lack jurisdiction to review the denial of a 60(b) motion seeking reconsideration of a decision to remand the case to state court, and cannot and will not consider an appeal from the denial of such a motion.
This appeal is therefore DISMISSED. We deny Ysais’s motion to proceed in for-ma pauperis. None of his other pending motions are authorized by the Federal Rules of Appellate Procedure and all of them lack merit. All pending motions are therefore DENIED.

. Mr. Ysais also purports to appeal from another as-yet-unadjudicated motion: his motion demanding a trial by jury on his 60(b) motion. An order denying this motion would not be a final decision creating jurisdiction in this court.